**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES T. MURZIKE,

Plaintiff,

v. Case No. 3:26-cv-1868-WWB-PDB

OFFICER O. JOHNSON, et al.,

Defendants.

---

# ORDER

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983.[1]

The Prison Litigation Reform Act ("**PLRA**") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

---

[1] Plaintiff did not include the filing fee with his Complaint; thus, the Court assumes he desires to proceed *in forma pauperis*.

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:22-cv-1467-TKW-HTC (N.D. Fla.) (dismissed as malicious and an abuse of judicial process); (2) 3:24-cv-222-TKW-ZCB (N.D. Fla.) (dismissed as malicious and an abuse of the judicial process); and (3) 3:24-cv-197-LC-ZCB (N.D. Fla.) (dismissed as malicious). Therefore, Plaintiff is a three-strikes litigant pursuant to § 1915(g). *See* Order (Doc. 6), No. 3:24-cv-347-MCR-ZCB (N.D. Fla.).

Further, Plaintiff's allegations fail to satisfy the imminent-danger exception to § 1915(g). To meet this exception, a prisoner must establish that he is in imminent danger of serious physical injury "at the time that he seeks to file his suit in district court." *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (internal quotation marks omitted). "[G]eneral assertions . . . are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021). In other words, the prisoner must include "specific, credible allegations of imminent danger of serious physical harm." *Chestnut v. Leavins*, No. 3:21-cv-827, 2021 WL 3134392, at *6 (N.D. Fla. July 2, 2021) (internal quotation marks omitted).

Plaintiff alleges that from March 2026 until the present, prison officials have engaged in a wide-ranging conspiracy to (1) tamper with his legal mail using "illegal CIA devices"; (2) starve him and "contaminate [his] food" with "roll-on deodorant" and other "chemicals"; (3) threaten him with "homosexual acts just to receive [his] legal work"; (4) destroy his "personal property" and provide it to gang members; and (5) "falsif[y]

documents such as [disciplinary reports], incident reports, [and] mail logs." (Doc. 1 at 6–16). As another court explained when faced with similar assertions by Plaintiff, these "conclusory, generalized, and fantastical allegations are insufficient" to satisfy the imminent-danger exception. *Murzike v. Washington*, No. 4:25-cv-207, 2025 WL 2100955, at *2 (N.D. Fla. May 2, 2025), *adopted by* 2025 WL 2098098 (N.D. Fla. July 24, 2025). Indeed, Plaintiff has a history of filing complaints with multiple unrelated claims, some of which have been described as "fantastical and delusional." *Murzike v. Knox*, No. 3:23-cv-1125, 2024 WL 4443744, at *1 (M.D. Fla. Oct. 8, 2024); *see also, e.g.*, *Murzike*, 2025 WL 2100955, at *1 (noting that Plaintiff's allegations of imminent danger were "sweeping, fantastical generalizations" that failed to "explain what any specific Defendant did"). A district court is "entitled to draw upon its familiarity with [a plaintiff]'s prior meritless litigation . . . to conclude that his complaint consisted only of claims describing fantastic or delusional scenarios." *Littlejohn v. Dalton*, No. 1:21-cv-4885, 2022 WL 20663595, at *2 (N.D. Ga. Feb. 23, 2022) (internal quotation marks omitted).

Because Plaintiff fails to make "specific, credible allegations of imminent danger of serious physical harm," he is not entitled to the imminent-danger exception to § 1915(g). *Chestnut*, 2021 WL 3134392, at *6. Therefore, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying $405.00 ($350.00 filing fee and $55.00 administrative fee).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on July 29, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

caw 7/24
c:
James T. Murzike, #L07713